UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MULLAH NORULLAH NOORI *et al.*, | : | | |
| | : | | |
| Petitioners, | : | Civil Action No.: | 08-1828 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 66, 73 |
| | : | | |
| BARACK OBAMA *et al.*, | : | | |
| | : | | |
| Respondents. | : | | |

**MEMORANDUM OPINION**

**DENYING THE PETITIONER'S PUTATIVE COUNSEL'S MOTION TO STAY;
HOLDING IN ABEYANCE THE GOVERNMENT'S MOTION TO DISMISS;
STAYING THE PROCEEDINGS FOR THIRTY DAYS**

**I. INTRODUCTION**

This matter is before the court on the government's motion to dismiss and the motion by the petitioner's[1] putative counsel to stay the proceedings. The government moves for dismissal contending that the petitioner has failed to provide putative counsel with direct authorization to pursue this action. In response, the petitioner's putative counsel asserts that the appropriate action is to stay the proceedings pending the outcome of the Executive Task Force review of the petitioner's detention[2] and argues that dismissal could prejudice the petitioner's interests. Because putative counsel has failed to justify staying the case pending the Executive Task Force review, the court denies the motion to stay. Further, because the decision to decline legal

---

[1]   There are two petitioners in this case, one of whom is acting as a next-friend of Mullah Norullah Noori. Because Mullah Norullah Noori is the only petitioner subject to detention at Guantanamo Bay, the court refers to the petitioner in the singular.

[2]   Pursuant to Executive Order 13,492, the government convened an Executive Task Force to undertake a review of the factual and legal basis for the detention of all persons currently detained at Guantanamo Bay. Exec. Order 13,492, 74 Fed. Reg. 4897 (Jan. 22, 2009) §§ 2(d), 4.

representation and abandon this habeas petition could have a significant impact on the petitioner's status, the court must ensure that such a decision is made knowingly and voluntarily. The court therefore stays this case for a period of thirty days, during which time the petitioner's putative counsel may attempt to secure direct authorization from the petitioner through an in-person meeting. If, after the thirty-day period, putative counsel has failed to secure direct authorization from the petitioner, the court will dismiss the petition without prejudice.

## II. FACTUAL & PROCEDURAL BACKGROUND

On October 24, 2008, this petition for a writ of habeas corpus was filed on behalf of the petitioner pursuant to a next-friend authorization. Pet. for Writ of Habeas Corpus ¶ 2. On December 12, 2008, Judge Hogan ordered the petitioner's putative counsel to submit, by February 12, 2009, proof of direct authorization from the petitioner to pursue this action. Minute Order (Dec. 12, 2008). On February 13, 2009, the petitioner's putative counsel filed, and this court granted, an unopposed motion to extend the time to file the required authorization to March 31, 2009.[3] Petr's Mot. for Extension ¶ 6; Minute Order (Feb. 13, 2009). On April 1, 2009, the petitioner's putative counsel filed an unopposed motion to stay the proceedings for an additional sixty days, which this court granted, staying the case until June 1, 2009. *See* Petr's Mot. to Stay Pet. for Writ of Habeas Corpus ¶ 5; Minute Order (Apr. 1, 2009).

Despite continued attempts to obtain the petitioner's direct authorization, on June 1, 2009, the petitioner's putative counsel again filed a motion to stay the proceedings for an additional sixty days. Petr's Mot. to Stay Pet. for Writ of Habeas Corpus (June 1, 2009) ("Petr's

---

[3] Unable to meet this extended deadline, the petitioner's putative counsel submitted a response to the December 12, 2008 order stating that the petitioner refused to read two letters that counsel sent to him and refused to meet with them during their visit to Guantanamo Bay. Petr's Resp. to Dec. 12, 2009 Minute Order at 1-2.

2

2d Mot. to Stay") at 1.  The government, however, consented only to a thirty-day stay and only on the condition that the petitioner's putative counsel once again attempt to meet with the petitioner.  Petr's 2d Mot. to Stay ¶ 7.  The court granted putative counsel's motion to stay the proceedings until July 1, 2009 and ordered briefing on counsel's request to stay the proceedings until August 1, 2009.  Minute Order (June 1, 2009).

The government subsequently filed an opposition to the request to stay the proceedings beyond July 1, 2009 and simultaneously moved to dismiss the petition for lack of jurisdiction on the grounds that the petitioner had not authorized the proceedings.  Govt's Opp'n to Petr's Request for Further Stay & Mot. to Dismiss ("Govt's Mot. to Dismiss") at 3-12.  On June 11, 2009, the court stayed briefing on the motion to dismiss pending the resolution of the petitioner's putative counsel's motion for a stay beyond July 1, 2009.  Minute Order (June 11, 2009).  The petitioner's putative counsel subsequently filed a reply in support of the motion to stay the proceedings, asserting that the government's opposition was premature, and stating that counsel had made, and was continuing to make, a good faith effort to establish contact with the petitioner.[4]  Petr's Reply in Support of Mot. to Stay at 2.  On June 15, 2009, this court ordered the proceedings stayed until August 1, 2009 and set a briefing schedule on the government's previously filed motion to dismiss.  Minute Order (June 15, 2009).

On August 7, 2009, the petitioner's putative counsel filed an opposition to the government's motion to dismiss for lack of jurisdiction, asserting that the government had failed to show that the petitioner knowingly, intelligently and voluntarily declined legal representation and waived his right to contest his detention through a habeas petition.  Petr's Opp'n to Mot. to Dismiss at 3-8.  The petitioner's putative counsel simultaneously filed a motion to stay the

---

[4]   These efforts included engaging a private investigator to locate the petitioner's family in Afghanistan and attempting to contact the petitioner again by mail.  Petr's Reply in Support of Mot. to Stay at 2.

proceedings until the Executive Task Force completes its review of the petitioner's case, arguing that such a stay is appropriate to allow further development of proceedings relating to the petitioner's status.  Petr's Mot. to Stay Pet. for Writ of Habeas Corpus (Aug. 7, 2009) ("Petr's 3d Mot. to Stay") at 2-3.  In its reply, the government reiterates its assertion that the court lacks jurisdiction because the petitioner has not authorized counsel to pursue this case and because this case is being improperly maintained under a next-friend authorization.  Govt's Reply in Support of Mot. to Dismiss & Opp'n to 3d Stay Request ("Govt's Reply in Support of Mot. to Dismiss") at 2-7.  Finally, on August 24, 2009, the petitioner's putative counsel replied to the government's opposition to the motion to stay, arguing that the government failed to demonstrate that the petitioner has effected a knowing and voluntary waiver of his rights.  Petr's Reply in Support of 3d Mot. to Stay at 3-4.

### III.  ANALYSIS

In its motion to dismiss, the government contends that this court lacks jurisdiction because the petitioner has not directly authorized counsel to pursue this case and because putative counsel has failed to establish next-friend status.  Govt's Mot. to Dismiss at 3, 5; Govt's Reply in Support of Mot. to Dismiss at 2-7.  The government also notes that although the petitioner may have a right to legal counsel, he also has the right to *decline* such counsel.  Govt's Reply in Support of Mot. to Dismiss at 3-4.  The petitioner's putative counsel, on the other hand, asserts that the government has failed to demonstrate that the petitioner knowingly, intelligently and voluntarily waived his right to legal counsel and his right to pursue this action.  Petr's Opp'n to Mot. to Dismiss at 3-5.  Putative counsel further asserts that a stay pending the completion of the Executive Task Force review is the appropriate solution, arguing that dismissing the case

now would needlessly render moot the efforts expended thus far in pursuing this action, prejudice the petitioner's interests and cause unnecessary delay in the event that the petitioner subsequently grants direct authorization for this case to proceed.  Petr's 3d Mot. to Stay at 2-3.

Turning to the motion to stay filed by the petitioner's putative counsel, the court is not persuaded that a further stay of this action pending review by the Executive Task Force is appropriate or justified.  Putative counsel has pointed to no authority justifying such relief.  *See generally* Petr's 3d Mot. to Stay.  Putative counsel's assertion that "the pendency of a habeas petition might advance or expedite his review before the Task Force," *id*. at 3, is speculative and does not address the government's justified concern that in the absence of direct authorization from the petitioner, this court lacks jurisdiction over this habeas petition.

Prior to dismissing a habeas petition for lack of authorization, however, this court must ensure that the petitioner's decision to decline representation and not pursue his habeas petition has been made knowingly and voluntarily.  *See Al Wady v. Obama*, 623 F. Supp. 2d 20, 23-24 (D.D.C. 2009) (Kay, J.) (holding that because of the potentially adverse impact on the detainee's status, the court must confirm that any decision to decline representation and abandon a habeas petition is made freely and knowingly); *see also Saeed v. Obama*, 2009 WL 1312537, at *1 (D.D.C. May 12, 2009) (Walton, J.) (ordering further efforts to facilitate an in-person meeting between the petitioner and putative counsel to ensure that the petitioner's decision to forego legal representation was knowing and voluntary).  To this end, it is of utmost importance that the petitioner's putative counsel make every effort possible to meet with the petitioner in person, explain the rights and procedures available to him, describe their role in facilitating his representation in court and, if necessary, confirm that the petitioner has made a free and knowing decision to decline legal assistance and abandon this petition.  *See Al Wady*, 623 F. Supp. 2d at

24 (explaining the benefits of having a non-governmental attorney confirm the prison guards' assurances that the detainee's decision is fully informed and voluntary); *Saeed*, 2009 WL 1312537, at *1 (observing that the procedures employed by the Joint Task Force-Guantanamo did not adequately ensure that a petitioner's decision to reject counsel was made knowingly and voluntarily).  Indeed, acknowledging the importance of these in-person meetings and recognizing the difficulty of securing client authorization after just one meeting, Judge Hogan's Protective Order requires only that authorization be submitted as soon as practicable and "not later than ten days after the conclusion of a *second* visit with a detainee." Protective Order & Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba, Misc. Case No. 08-0442, at 17 (Sept. 11, 2008) (emphasis added).

In light of the importance and acknowledged difficulty of securing detainee authorization on the first attempt, the court is concerned with the petitioner's putative counsel's apparent refusal to heed the government's request that they make a second attempt to meet with the petitioner in person, as well as putative counsel's unexplained assertion that such an attempt would be futile.[5]  Govt's Mot. to Dismiss at 6; *see* Petr's Opp'n to Mot. to Dismiss at 1-2 (describing putative counsel's efforts to contact the petitioner).  Furthermore, in failing to attempt a second visit, as contemplated by the Protective Order, the petitioner's putative counsel has failed to exhaust all available avenues to obtain direct authorization from the petitioner.[6] *Cf.*

---

[5] The petitioner's putative counsel states only that "in the short term, another attempt to visit is not likely to result in the meaningful communication essential to" assess whether the detainee's decision to decline representation and abandon this habeas petition is fully knowing and voluntary.  Petr's Opp'n to Mot. to Dismiss at 2-3.

[6] The court is aware that putative counsel has attempted alternate means of establishing communication with the petitioner, such as by sending three letters to the petitioner and engaging a private investigator to locate the petitioner's family in Afghanistan.  *See* Petr's Opp'n to Mot. to Dismiss at 1-2.  These efforts, however, are no substitute for a subsequent attempt to meet with the petitioner in person at Guantanamo Bay.

*Idris v. Obama*, 2009 WL 3182609, at *2 (D.D.C. Oct. 6, 2009) (dismissing a habeas petition because putative counsel was unable to obtain direct authorization from the petitioner despite traveling to Guantanamo Bay on at least five separate occasions to attempt to meet with the petitioner).

Given the significant impact that dismissal could have on the petitioner's status and despite the government's well-founded concerns regarding further delays in this case, the court will temporarily withhold resolution of the government's motion to dismiss. The court instead orders that this case be stayed for a period of thirty days while the petitioner's putative counsel attempts to meet with the petitioner in person to explain the petitioner's habeas rights and their role as counsel. Upon expiration of this thirty-day period, if the petitioner's putative counsel has failed to secure direct authorization from the petitioner or provide new information regarding the petitioner's inability to provide such authorization, the court will dismiss this habeas petition without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the petitioner's putative counsel's motion to stay the proceedings pending review by the Guantanamo Review Task Force, while holding in abeyance the government's motion to dismiss. The court further orders the proceedings stayed for thirty days from the date of entry of this order while the petitioner's counsel attempts to meet with the petitioner in person. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of October, 2009.

RICARDO M. URBINA
United States District Judge